**REMAND/MADE JS-6**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br>　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>GILBERT HUGO JIMENEZ, et al.,<br><br>　　　　　　　Defendants. | No. CV 10-2236-GW(FMOx)<br><br>**ORDER REMANDING CASE** |

<u>**U.S. Bank National Association v. Jimenez**</u>, Case No. CV-10-2236
ORDER REMANDING CASE

This unlawful detainer action was originally filed in Los Angeles Superior Court on September 17, 2009. On March 25, 2010, Defendant Gilbert Hugo Jimenez ("Defendant") filed a Notice of Removal alleging both federal question and diversity jurisdiction. However, neither federal question jurisdiction nor diversity jurisdiction are present herein.

28 U.S.C. § 1441 allows a defendant to remove a state court case that could have been filed originally in federal court under either federal question or diversity jurisdiction. See 28 U.S.C. §§ 1441(a), (b); see also 28 U.S.C. §§ 1331, 1332(a). Removal statutes are to be strictly construed, and a remand to state court is favored if there are doubts as to the right of removal. <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992). 28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

Under 28 U.S.C. § 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 392 (1987). Defendant's Notice of Removal ("NOR") asserts that there is "[f]ederal Jurisdiction resulting from the Moving Party's Discovery Request and Demand for 'THE ORIGINAL BLUE INKED PROMISORY NOTE' and as to identify [sic] the statutory basis for the discovery request/demands and other claims." NOR 2:5-9. That assertion does not in any way state a basis for finding federal question jurisdiction. See, e.g., <u>Galileo Financial v. Miin Sun Park</u>, No. EDCV 09-1660 PSG, 2009 U.S. Dist. LEXIS 94996 *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists").

Diversity jurisdiction arises when a dispute is between "citizens of different states" over an amount greater than $75,000. 28 U.S.C. § 1332(a). The required standard of proof regarding the amount in controversy depends on the amount claimed in plaintiff's state court complaint. See <u>Guglielmino v. McKee Foods Corp.</u>, 506 F.3d 696, 699-700 (9th Cir. 2007). If the state court complaint claims less than $75,000, defendant must prove to "a legal certainty" that plaintiff's claim is at least $75,000. <u>Lowdermilk v. U.S. Bank Nat'l Ass'n</u>, 479 F.3d 994, 999 (9th Cir. 2007). Here, the title of the state court complaint provides that the amount in damages is less than $10,000. Defendant has offered nothing in his Notice of Removal to suggest that the amount in controversy is greater than $10,000. Moreover, "district courts in the Ninth Circuit have consistently held that unlawful detainer actions should be litigated in state courts." <u>Wachovia Mortg. FSB v. Atencio</u>, 2010 U.S. Dist. LEXIS 27856 (N.D. Cal. Mar. 9, 2010) (citing <u>HSBC Bank USA v. Bryant</u>, 2009 U.S. Dist. LEXIS 104684 (S.D. Cal. 2009); <u>Flower v. Wachovia Mortg. FSB</u>, 2009 U.S. Dist. LEXIS 36299 (N.D.Cal. 2009)).

There does not appear any basis upon which this Court could exercise subject matter jurisdiction over this unlawful detainer action. The clerk is directed to remand the case to Los Angeles Superior Court forthwith. The May 24, 2010 Scheduling Conference is advanced and vacated.

Dated: This 23rd Day of April, 2010

_____
GEORGE H. WU
United States District Judge